# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRANCH BANKING & TRUST CO.,

        Plaintiff(s),

vs.

PEBBLE CREEK PLAZA, LLC, et al.,

        Defendant(s).

Case No. 2:12-cv-01737-GMN-NJK

ORDER GRANTING MOTION TO AMEND
(Docket No. 22)

Pending before the Court is Defendants' motion for leave to file a second amended answer and counterclaim. Docket No. 22. Plaintiff filed a response and Defendants filed a reply. Docket Nos. 23, 24. The Court finds this matter properly resolved without oral argument. Local Rule 78-2. For the reasons stated below, the Court hereby **GRANTS** Defendants' motion.

Under Fed. R. Civ. P. 15(a), "[t]he court should freely give leave when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In deciding a motion for leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence

1 | *Capital*, 316 F.3d at 1052 (emphasis in original).

2 |     Plaintiff opposes the motion almost entirely on the argument that amending the answer to add the counterclaims will be futile because they would not survive a motion to dismiss. *See* Response at 4-8.[1] "Denial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); *see also Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152, 157 (N.D. Cal. 2005). Deferring ruling on the sufficiency of the proposed amended pleadings is especially appropriate "[i]n view of Rule 15(a)'s permissive standard." *Velasco v. SEI Pharms., Inc.*, 2013 WL 310336, *2 (S.D. Cal. Jan. 25, 2013) (quoting *Hynix Semiconductor Inc. v. Toshiba*, 2006 WL 3093812, *2 (N.D. Cal. Oct. 31, 2006) and collecting cases).

    Accordingly, the motion for leave to amend is GRANTED. The Second Amended Answer and Counterclaim shall be filed within 14 days of this Order.

    IT IS SO ORDERED.

    DATED: May 22, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Plaintiff also states in a single sentence in a footnote that there has been undue delay. *See* Response at 3 n.1. The Court finds this bare assertion unpersuasive. Accordingly, the Court concludes that there is no undue delay, bad faith or prejudice.