UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | ) ) ) |
| Plaintiff, | ) 2:12-cv-01737-GMN-NJK ) |
| vs. | ) ) |
| PEBBLE CREEK PLAZA, LLC, et al., | ) **O R D E R** ) |
| Defendants. | ) ) |

This matter is before the Court on Defendants' Motion to Compel (#37).

**MEET AND CONFER**

The initial inquiry here, as with any motion to compel, is whether the Defendants made adequate meet and confer efforts. Fed.R.Civ.P. 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." LR 26-7. This Court has previously held that personal consultation means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). Meaningful discussion means the parties must present

1  the merits of their respective positions and assess the relative strengths of each.  See *Fifty-Six Hope
2  Rd. Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, *11 (D. Nev. June 11, 2007). The
3  consultation obligation "promote[s] a frank exchange between counsel to resolve issues by
4  agreement or to at least narrow and focus matters in controversy before judicial resolution is sought."
5  *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties
6  must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite
7  to, judicial review of discovery disputes."  *Id*. This is done when the parties "present to each other
8  the merits of their respective positions with the same candor, specificity, and support during the
9  informal negotiations as during the briefing of discovery motions." *Id*. The mere exchange of letters
10 does not satisfy the personal consultation requirement. *ShuffleMaster, Inc.* 170 F.R.D. at 172.

11 Judicial intervention is appropriate only when "(1) informal negotiations have reached an
12 impasse on the substantive issue in dispute, or (2) one party has acted in bad faith, either by refusing
13 to engage in negotiations altogether or by refusing to provide specific support for its claims of
14 privilege." *Monsanto*, 151 F.R.D. at 120.

15 Here, the Defendants assert that they adequately met and conferred prior to bringing this
16 motion. However, the Court has reviewed the declaration of E. Daniel Kidd, Esq., and finds that the
17 meet and confer efforts were not adequate. According to the declaration, the Defendants' Counsel
18 sent the Plaintiff's Counsel a letter on April 23, 2013, requesting that the Plaintiff supplement
19 numerous discovery requests. The parties discussed those discovery requests during a teleconference
20 on May 16, 2013. During that teleconference, the parties were not able to resolve all the discovery
21 issues. On May 24, 2013, the Plaintiff sent a follow up letter "further clarifying Defendants' position
22 that Plaintiff's privilege log required supplementation and that certain appraisals needed to be
23 disclosed." Thereafter, on July 10, 2013, the Plaintiff served a supplemental disclosure which
24 included "certain pleading documents from a judicial foreclosure action in Arizona, but did not
25 include all the documents requested by the Defendants." The declaration does not indicate whether
26 there were any other meet and confer efforts.

27 Thus, it does not appear that any meet and confer efforts were made after the Plaintiff
28 provided a supplemental disclosure. Without knowing the Plaintiff's position on the disclosure, the

Defendants cannot conclude that the parties have reached an impasse. Further, the parties have not had a "frank exchange" on any of the discovery disputes since early May 2013. The case has clearly progressed over the last two months and, therefore, the parties have likely reevaluated their positions and must meaningfully discuss this dispute prior to seeking court intervention.

Although such a discussion may not resolve this dispute in its entirety, it may narrow the issues. Currently, the Defendants are seeking court intervention on 9 interrogatories, 33 requests for production, and the entire privilege log.[1] The parties must meet and confer on each one of these matters and "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." See *Monsanto*, 151 F.R.D. at 120. The purpose of the discussion should be to either resolve or narrow the dispute.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendants' Motion to Compel (#37) is **DENIED without prejudice**.

DATED this 26th day of July, 2013.

_____
**NANCY J. KOPPE**
**United States Magistrate Judge**

---

[1] The Court further notes that the Defendants' Motion is 32 pages. Pursuant to LR 7-4, motions must be limited to 30 pages unless the Court enters an order permitting a longer brief. No such order has been requested or entered in this case.

- 3 -